RECEIVED
IN ALEXANDRIA, LA

OCT 2 6 2009

TONY R/MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROGER R. MITCHELL
    LA. DOC #484484
VS.


WARDEN WILKINSON

CIVIL ACTION NO. 09-0651

SECTION P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

### ORDER TO PROVIDE DOCUMENTS

*Pro se* petitioner Roger R. Mitchell, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 15, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks his 2004 convictions for attempted aggravated rape and the sentences imposed by the Third Judicial District Court, Lincoln Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

Petitioner was indicted and charged with two counts of aggravated rape by the Lincoln Parish Grand Jury. On May 4, 2004 he pled guilty to two counts of attempted aggravated rape and he was sentenced to serve consecutive 15 year sentences. He did not appeal his convictions or sentences.

On some unspecified date he filed an application for post-conviction relief in the Third Judicial District Court.[1] He raised a single claim for relief – ineffective assistance of counsel. [rec. doc. 3, ¶7] The pleadings and exhibits filed thus far do not establish how this application was resolved or whether petitioner sought further review in the Court of Appeals or Louisiana Supreme Court.

Thereafter petitioner apparently sought review of his sentences by filing a motion to vacate. On April 3, 2009 the Louisiana Supreme Court denied writs seeking review of the Second Circuit's ruling under Docket No. 43,666-KH. State of Louisiana ex rel. Roger R. Mitchell v. State of Louisiana, 2008-1584 (La. 4/3/2009), 6 So.3d 766.[2]

Petitioner filed the instant *habeas* petition on April 15, 2009 raising the following claims – (1) excessiveness of sentence; (2) improper indictment; (3) ineffective assistance of counsel. [rec. doc. 1] He subsequently filed an amended petition on the form provided to *pro se* prisoners. In this amended pleading he argued a single claim for relief – ineffective assistance of counsel. [rec. doc. 3, ¶5]

---

[1] Petitioner claims that he filed his application for post-conviction relief on April 16, 2004 [rec. doc. 3, ¶7], however, it is unlikely that petitioner would file an application for post-conviction relief BEFORE he was convicted.

[2] In his original pleading petitioner suggested that he presented the issue of excessiveness of sentence to the Court of Appeal and the Supreme Court. [rec. doc. 1]

On August 20, 2009 the undersigned ordered petitioner to amend his petition to provide the following information: (1) A copy of the **PLEA AGREEMENT** and **TRANSCRIPT OF THE PLEA AND SENTENCING**; (2) **DATED** copies of all post-conviction motions, applications, or petitions filed in the Third Judicial District Court, the Second Circuit Court of Appeals, and the Louisiana Supreme Court; and, (3) Copies of all post-conviction rulings, orders, judgments, and/or reasons for judgment of the Third Judicial District Court, the Second Circuit Court of Appeals, and the Supreme Court. In the alternative, petitioner was directed to provide a "detailed description of the claims raised in each proceeding and the dates each proceeding was filed." [rec. doc. 6]

On September 10, 2009 petitioner filed an "Amended Petition" however, he claimed to be unable to provide the documents or information requested.

More information is needed to allow the Court to determine whether this petition should survive an initial review. Therefore,

**The Clerk of Court is directed to mail a copy of this order, via First Class Mail, to the District Attorney, Third Judicial District Court, Lincoln Parish Louisiana.**

Thereafter, the District Attorney is REQUESTED to provide the following WITHIN SIXTY (60) DAYS OF THIS DATE:

3

(1) A copy of the **PLEA AGREEMENT** and **TRANSCRIPT OF THE PLEA AND SENTENCING;**

(2) **DATED** copies of all post-conviction motions, applications, or petitions filed in the Third Judicial District Court, the Second Circuit Court of Appeals, and the Louisiana Supreme Court; and,

(3) Copies of **all** post-conviction rulings, orders, judgments, and/or reasons for judgment of the Third Judicial District Court, the Second Circuit Court of Appeals, and the Supreme Court.

It is further REQUESTED that these Documents be indexed and identified and that copies of the documents be forwarded to the petitioner.

**THE DISTRICT ATTORNEY IS HEREBY ADVISED – THIS MATTER REMAINS ON INITIAL REVIEW. THE DOCUMENTS ARE REQUESTED IN ORDER TO ENABLE THE UNDERSIGNED TO CONCLUDE AN INITIAL REVIEW AND THEREBY TO DETERMINE WHETHER PETITIONER'S HABEAS CLAIMS ARE TIMELY, WHETHER AVAILABLE STATE COURT REMEDIES WERE EXHAUSTED, AND/OR WHETHER ANY OF PETITIONER'S CLAIMS ARE SUBJECT TO DISMISSAL UNDER THE PROCEDURAL DEFAULT DOCTRINE.**

JAMES D. KIRK
United States Magistrate Judge

4