RECEIVED
IN ALEXANDRIA, LA

JUL - 7 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

ROGER R. MITCHELL
     LA. DOC #484484
VS.

CIVIL ACTION NO. 09-0651

SECTION P

JUDGE DRELL

WARDEN WILKINSON

MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

*Pro se* petitioner Roger R. Mitchell, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 15, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner attacks his 2004 convictions for attempted aggravated rape and the consecutive 15-year sentences imposed by the Third Judicial District Court, Lincoln Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** because the petition is time-barred by the provisions of 28 U.S.C. §2244(d).

### Statement of the Case

Petitioner was indicted and charged with two counts of

aggravated rape by the Lincoln Parish Grand Jury. [Doc. #1, p. 4]
On April 6, 2004 he pled guilty to two counts of attempted
aggravated rape [Doc. #13-2, pp. 1-13[1]] and, in accordance with the
plea agreement, on May 4, 2004, he was sentenced to serve
consecutive 15 year sentences. [Doc. #13-2, pp. 14-17] He did not
appeal his convictions or sentences.[2]

On January 20, 2005, petitioner filed a *pro se* application for
post-conviction relief in the Third Judicial District Court.[3] He
raised a single claim for relief – actual innocence.[4] [Doc. #13-3,

---

[1] Petitioner was directed to provide copies of the pleadings he filed in
the Louisiana courts, along with copies of the judgments denying relief. [Doc.
#6] Since he was unable to provide all of the documents [see Doc. #7], the
Respondent was requested to provide them. [Doc. #8] On February 23, 2010 the
Respondent supplied the documents in question and provided copies to the
petitioner. [Doc. #13 and attachments, Doc. #13-1, 2, 3, 4, 5, and 6]

[2] Indeed, under Louisiana law, petitioner could not appeal his
conviction since a plea of guilty waives all non-jurisdictional defects in the
proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976).
Further, since the consecutive 15-year sentences were imposed pursuant to the
plea agreement, petitioner could not appeal his sentence either. See La.
C.Cr.P. art. 881.2(A)(2)which provides, "The defendant cannot appeal or seek
review of a sentence imposed in conformity with a plea agreement which was set
forth in the record at the time of the plea."

[3] Petitioner signed his pleading on January 20, 2005, it was filed on
January 31, 2005. [Doc. #13-3, pp. 17-23]

[4] Petitioner argued that his conviction was obtained in violation of the
Constitutions of the United States and the State of Louisiana and supported
this assertion with the following statement, "I think that I am serving a
sentence that I didn't deserve due to the fact that it falls under the Due
Process of Law clause because, actually, I NEVER committed any type of
crime..." In explaining why he failed to raise this claim in the proceedings
prior to conviction or otherwise, he averred, "Simply because I was totally
unaware of it. You see, I was instructed by my Attorneys ... and they both
instructed me to NOT say anything due to the fact of self-incrimination – but
actually, I had a lot to say at that point and wished that they would've
allowed me to talk concerning this issue at hand. I even know who the sick-
minded individual is who's probably still doing these horrible things to the

2

pp. 17-23][5] On March 16, 2005 the trial court denied relief citing La. C.Cr.P. art. 930.4(B) and noting, "... the application for post-conviction relief is not considered, as the defendant is alleging 'a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction... In his application for post-conviction relief, defendant stated that prior to his conviction he had 'a lot to say' concerning who committed the crimes involved. Defendant admits that he failed to raise those issues prior to his conviction pursuant to a guilty plea." [Doc. #13-3, p. 24]

Petitioner apparently did not seek review of this ruling. On December 19, 2006 he sent a letter to the sentencing judge asking to be returned to court "so I can get some of this time off of me because I don't belong in prison." [Doc. #13-4, p. 2] On December 30, 2006 he filed a series of *pro se* pleadings in the Third Judicial District Court seeking *in forma pauperis* status and ostensibly arguing a claim of ineffective assistance of counsel.

───────────────

children of our area." [Doc. #13-3, p. 21]

[5] Petitioner provided what purports to be a hand-written application for post-conviction relief. This pleading, however, is undated and unsigned and it is unclear whether the pleading was ever actually filed in the Third Judicial District Court since a copy of the pleading was not provided by the Respondent. In this pleading petitioner alleged that his trial counsel was ineffective "... due to misleading petitioner to believe he would serve half of the thirty years sentence because he was a first offender..." and, "counselor and DA Bob Levy intimidated petitioner with manipulation to a one time deal of thirty years at pretrial..." [See Doc. #7, pp. 15-22]

[Doc. #13-3, pp. 25-43][6] On February 14, 2007 the District Court denied petitioner's application to proceed *in forma pauperis* having noted that petitioner did not provide "adequate paperwork to demonstrate the merits of his request." The Court then invited petitioner to comply with the requirements set forth in its order in a separate civil suit. [Doc. #13-4, p. 1]

On May 30, 2007 petitioner filed a *pro se* "Motion to Amend Charges and Sentence Due to Broken Plea." [Doc. #13-4, pp. 3-15; see also Doc. #7, pp. 4-14] Petitioner argued a claim identified as one of ineffective assistance of counsel and, in support of the claim he presented the following argument, "There never was a crime of rape committed or semen taken or found in the victim either there wasn't a bill of indictment shown in the bargain transcript where the original charge was amended petitioner counselor was inadequate and ineffective due to allowing the Judge and the court to mislead petitioner to believe he would be sentence to a lesser charge. Allowing the court and Judge ... to break the said plea without arguing the issue, and allowing gross negligence through

---

[6] Undated pleadings were apparently received by the Clerk of Court on December 30, 2006 and filed into the record on January 4, 2007. Petitioner filed a Motion for Pauper Status [Doc. #13-3, pp. 25-28] and a "Memorandum in Support of Petitioner's Application for a Writ of Habeas Corpus." [Doc. #13-3, pp. 28-43] In this latter document, petitioner set forth a legal argument concerning the issue of ineffective assistance of counsel, however, he offered no factual support for this claim. He also provided an argument asking the Court to exempt him from the limitations period set forth in 28 U.S.C. §2244(d) based on the fact that the AEDPA's limitation period is only 1-year while Louisiana's limitation on post-conviction relief is 2-years.

the courts." [Doc. # 13-4, p. 6] He concluded by arguing, "...
counsel allowed the State to convict on original charge attempted
aggravated rape which was promise to defendant it would be lesser."
[Doc. #13-4, p. 12]

On January 17, 2008 the District Court denied relief as
follows:

> Mitchell was originally charged by bills of indictment
> with two counts of aggravated rape of a child under the
> age of twelve years in violation of La. R.S. 14:42(4) ...
> On April 6, 2006 ... the defendant elected to plead
> guilty to the lesser included and responsive charge of
> attempted aggravated rape as to each count. The state
> recommended and the Court accepted the proposed sentence
> of fifteen years at hard labor as to each count
> consecutive one to the other ... On May 4, 2004, the
> defendant ... was sentenced to serve fifteen years at
> hard labor in complete conformity with the plea and
> sentence agreement previously confected in his cases.
>
> Subsequently, more than three years later, defendant
> filed a motion to amend charges and sentence due to
> broken plea. The defendant asserted that there was a
> misrepresentation of the bargain. He has also contended
> that his attorney provided ineffective assistance of
> counsel.
>
> Initially, the Court must point out that Mitchell has
> mischaracterized the plea agreement. He did in fact plead
> guilty to the reduced charges of attempted aggravated
> rape, a substantial reduction in sentencing exposure.
> Here, based upon plea agreements specifically set forth
> in the record, the state and defendant agreed to
> sentences of fifteen years at hard labor as to each
> charge consecutive one to the other; and the trial court
> obviously accepted those plea bargains. A defendant
> cannot appeal or seek review of a sentence imposed in
> conformity with a plea agreement which was set forth in
> the record at the time of the plea. La. C.Cr.P. art.
> 881.2(A)(2). Thus, Mitchell is precluded from assailing
> sentences that he assented to on the record.
>
> Mitchell has further alleged ineffective assistance of

counsel. These unsubstantiated allegations of ineffective assistance of counsel in the face of plea negotiations which resulted in the reduction of the charges from aggravated rape to attempted aggravated rape and a fifteen year recommended sentence as to each count consecutive, do not carry his burden of showing that he plead guilty involuntarily. Instead, the circumstances in the record clearly reflect a knowing and voluntary waiver of defendant's rights and compliance with the constitutional requirements of <u>Boykin v. Alabama</u>, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Moreover, a validly entered guilty plea waives any right a defendant might have to question the merits of the state's case and the factual basis underlying the conviction. [citation omitted] Notwithstanding that, the Court notes that at Mitchell's guilty plea hearing, the state provided a sufficient factual basis for the plea on the record. Furthermore, Mitchell agreed with the factual basis provided by the state... [Doc. #13-4, pp. 16-17]

On February 29, 2008 petitioner filed a *pro se* Motion to Amend And/Or Correct Illegal Sentence along with a memorandum in support and various exhibits. [Doc. #13-4, pp. 18-44] The basis of his motion was as follows,

Now the first reason why defendant's sentence is illegal, because defendant was told if he plead guilty, the charge of attempted aggravated rape would be amended to a lesser included responsive charge which wasn't done. [Doc. 13-4, p. 22]

The second reason defendant's sentence is illegal because he is a first offender and he was sentenced to two (2) 15 years sentences and they were runned [sic] consecutive. [Doc. #13-4,p. 24]

The third reason defendant's sentence is illegal because it is excessive... [Doc. #13-4, p. 27]

The fourth reason the defendant's sentence is illegal because when the court forced the defendant to plead guilty and the trial court didn't advise the defendant on the minimum amount of time the charge and sentences

carried... [Doc. #13-4, p. 29]

> ... Finally, the last reason why the defendant's sentence
> is illegal, unlawful, and unconstitutional, because the
> defendant never understood the plea-agreement or deal. In
> fact the defendant didn't understand on what was going on
> in court, and the record and transcript clearly reflect
> that... [Doc. #13-4, p. 29]

On March 27, 2008, the district court denied relief noting again, "... a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2(A)(2). The sentences are most definitely in conformity with the statutory range set forth in the law. Moreover, the court has previously concluded that the record clearly reflects a knowing and voluntary waiver of defendant's rights and compliance with the constitutional requirements of <u>Boykin v. Alabama</u> [citation omitted]. Simply stated, the defendant was aware of and agreed to, the sentences he received and he cannot now complain about them." [Doc. #13-4, p. 45]

On April 24, 2008 petitioner filed a Motion to Amend and Correct Illegal Sentence in the Second Circuit Court of Appeals raising the same claims raised in the District Court. This matter was docketed as No. KH 08-43666. [Doc. #13-5, pp. 18-51] On May 22, 2008 the Second Circuit denied writs and provided notice of judgment noting, "Because there is no error shown in the trial court's denial of the applicant's claims as repetitive and

7

meritless, the writ is denied." <u>State of Louisiana vs. Roger Rodrigious Mitchell</u>, No. 43-666-KH. [Doc. #13-5, pp. 1-2]

On May 28, 2008 petitioner filed another pleading in the Second Circuit arguing (1) ineffective assistance of counsel (petitioner's trial counsel was assisted by his wife who was not licensed to practice law); (2) counsel allowed the State to "build an original charge on defendant which isn't in the records other than attemp[ted] aggravated rape..."; (3) the judge ran two counts ... consecutive instead of concurrent [and] defendant is a first offend[er]...; and, (4) "defendant didn't perform either sexual act the state didn't produce any semen or DNA from the victim..." [Doc. #13-5, pp. 8-17] On June 12, 2008 the Second Circuit again denied relief and provided notice of judgment. [Doc. #13-5, pp. 3-4 and 6-7]

On July 2, 2008 petitioner submitted a "Motion to Vacate Excessive Sentence under Wrongfully Convicted" to the Louisiana Supreme Court. [Doc. #13-6, pp. 2-12][7] He argued the following claims: (1) "Excessive sentence – trial court failed to comply with the indictment, billing and sentencing guidelines of La. C.Cr.P. art. 890.1...; and (2) Petitioner counselor was inadequate and ineffective due to allowing the jury to [indict] him on aggravated rape..." Petitioner also complained that the lower court judges did

---

[7] Petitioner provided an almost identical copy of this pleading on September 19, 2009. See Doc. #7, pp. 33-43]

not perform their sworn duties when they denied relief. Finally, he argued that the sentence was excessive and violative of the Louisiana Constitution.

On April 3, 2009 the Louisiana Supreme Court denied writs without comment. State of Louisiana ex rel. Roger R. Mitchell v. State of Louisiana, 2008-1584 (La. 4/3/2009), 6 So.3d 766.

Petitioner filed the instant *habeas* petition on April 15, 2009 raising the following claims – (1) excessiveness of sentence; (2) improper indictment; (3) ineffective assistance of counsel. [Doc. #1] He subsequently filed an amended petition on the form provided to *pro se* prisoners. In this amended pleading he argued a single claim for relief – ineffective assistance of counsel. [Doc. #3, ¶5] Finally, on September 10, 2009 he filed, along with other exhibits, a pleading entitled "Motion to Vacate Excessive Sentence." [Doc. #7, pp. 23-32] In that pleading he argued the following "issues" or "claims":

Issue 1 – "Grand Jury failed to comply with the billing of [indictment] that's part of what makes the sentence a wrongful[ ] conviction... the state failed to prove beyond a reasonable doubt that he committed the attempted rape on victims...";

Issue 2 – "... counselor was inadequate and ineffective due to allowing the Grand Jury to [indict] him on aggravated rape and without burden of proof such as semen, etc..."

Claim No. 1 – "Petitioner contends his sentence is very

9

excessive because he's a first offender..."

Claim No. 2 - "Defendant contends his sentence is excessive because counsel allowed the State of Louisiana and the Grand Jury to construct a case of aggravated rape against him..."

Legal Claim - "Excessive punishment is prohibited by the Louisiana Constitution..."

### Law and Analysis

### 1. Limitations - §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[8]

---

[8] Nothing in the pleadings or record suggest that State created impediments prevented the timely filing of this petition; nor do the pleadings or record suggest that petitioner is relying on newly discovered facts or a constitutional right newly recognized by the United States Supreme Court and

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*. <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on May 4, 2004, and he did not appeal.  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the imposition of sentence[9] or, on or about June 4, 2004. According to Title 28 U.S.C. § 2244(d)(1) he had one year, or

---

made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(B),(C), and (D).

   [9] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken.".

until on or about June 4, 2005 to file his federal *habeas corpus* petition.

He filed his first application for post-conviction relief on January 20, 2005 and was therefore able to successfully toll limitations for the period that the application remained properly filed. See 28 U.S.C. §2244(d)(2). However a period of 230 days of the 365 day AEDPA limitations period had lapsed before he filed the application. Further, the record establishes that the application was denied by the trial court on March 16, 2005, and, since it does not appear that petitioner sought further review, the limitations period commenced again on March 17, 2005 and was not interrupted again until December 19, 2006 (at the earliest) when petitioner commenced his second round of post-conviction attacks in the District Court. However, by that time an additional period of 642 days elapsed untolled. Thereafter, petitioner's request to proceed *in forma pauperis* was denied on February 14, 2007 and no state post-conviction or collateral attack remained pending until May 30, 2007 when he filed his motion to amend. By that time, however, an additional period of 104 days had elapsed untolled.

It thus appears that a period in excess of 976 untolled days elapsed between June 4, 2004 (the date petitioner's judgment of

12

conviction and sentence became final under the AEDPA by the expiration of the time for seeking further direct review)and April 15, 2009, the date he filed the instant petition for writ of *habeas corpus*. In other words, petitioner's federal petition is clearly time-barred by the provisions of 28 U.S.C. §2244(d) and dismissal on that basis is appropriate.

### 2. Equitable Tolling

Petitioner implies that he is entitled to equitable tolling. He cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting the application of the equitable tolling doctrine. See Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir.1998); see also Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); Felder v. Johnson, 204 F.3d 168, 171- 72 (5th Cir.2000); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman, 184 F.3d at 402 (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996).

The Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling of a limitations

period.   Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999),
cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991
(2001). However, petitioner has suggested only that he is
uneducated and he has not alleged facts to demonstrate that he is
otherwise entitled to tolling.

Finally, equitable tolling should only be applied if the
applicant diligently pursues §2254 relief. Scott v. Johnson, 227
F.3d 260, 262 (5th Cir.2000); Phillips v. Donnelly, 216 F.3d 508,
511 (5th Cir.2000); Coleman v. Thompson, 184 F.3d 398, 403 (1999),
cert. denied 120 S.Ct. 2564 (2000). In this case, petitioner was
hardly diligent. He allowed over two and one-half years to expire
untolled before he filed the instant petition.


## 3. Other Considerations

Even if this petition was filed in a timely manner, or, even
if petitioner were somehow entitled to equitable tolling,
dismissal would be appropriate for the following reasons.

Title 28 U.S.C. §2254 states, in pertinent part:

(b)(1) An application for a writ of *habeas corpus* on
behalf of a person in custody pursuant to the judgment of
a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in
the courts of the State; or

(B)(i) there is an absence of available State corrective

14

process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon

15

which the petitioner bases his federal claims. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "[F]ederal constitutional claims must have been presented to and considered by the state courts in a federal constitutional framework before resort can be made to federal courts." Yohey v. Collins, 985 F.2d 222, 226 (5th Cir.1993). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, 7 (1982) (per curiam) (internal citation omitted).

In addition, a federal habeas petitioner must "fairly present" his federal constitutional claim to the highest state court. Skelton v. Whitley, 950 F.2d 1037, 1041 (5th Cir.), cert. denied sub nom. Skelton v. Smith, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir.1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim in the Louisiana courts, a federal litigant must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner (3) to the Louisiana Supreme Court. Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.2001; Deters v.

16

Collins, 985 F.2d 789, 795 (5th Cir.1993).

It does not appear that all of petitioner's current federal claims were properly presented to the Louisiana Supreme Court in a procedurally correct manner. As shown above, the only claims petitioner presented to the Louisiana Supreme Court were his excessive sentence claim and, his ineffective assistance of counsel claim based on counsel's "allowing the [Grand] Jury to indict him..." [Doc. #13-6, pp. 2-12] All other claims, since they were not presented to the Louisiana Supreme Court, remain unexhausted.    However, those unexhausted claims are now procedurally defaulted since state court remedies are no longer available to this petitioner. Further, with respect to petitioner's excessive sentence claim, the Louisiana courts refused to address the merits of that claim because it was procedurally defaulted under the Louisiana law which prohibits review of a sentence imposed in conformity with a plea agreement.

Petitioner can obtain federal review of his procedurally defaulted claims only if he can establish cause for the default and prejudice resulting therefrom.

In Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court explained that "cause" in the context of a procedural default refers to an impediment external to the

17

defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." Murray v. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645 (internal citations omitted). Petitioner has not demonstrated cause for his default.

Further, if a *habeas* petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir.1992).

Since petitioner has failed to show "cause and prejudice" for his default, federal review of the procedurally defaulted claims may be had only if necessary to avoid a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722,750, 111 S.Ct. 2546 (1991).

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 106

18

S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); Glover v. Cain, 128 F.3d 900, 904 (5th Cir. 1997). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. Corwin v. Johnson, 150 F.3d 467, 473 (5 Cir.1998); Ward v. Cain, 53 F.3d 106, 108 (5th Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." Callins v. Johnson, 89 F.3d 210, 213 (5th Cir.), cert. denied, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting McClesky v. Zant, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown as a factual matter that he is actually innocent of the crimes of conviction. Thus, he has not shown that he will suffer a fundamental miscarriage of justice from this court's failure to consider his current habeas corpus claims. Accordingly, petitioner cannot avoid procedural default of these claims on the grounds of actual innocence.

Finally, petitioner may contend that all of his ineffective assistance of counsel claim should survive since such a claim was in fact presented to the Louisiana Supreme Court. However, petitioner presented the Supreme Court with a claim of ineffective assistance based solely on counsel's "allowing" the Grand Jury to return an indictment. Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. Picard v. Connor, 404 U.S.

19

270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

Thus, the only ineffective assistance of counsel claim that was fully exhausted is the claim presented to the Supreme Court which was based on counsel's alleged deficiency with regard to the Grand Jury. That claim, however, is without merit.

Once a voluntary, knowing and intelligent guilty plea has been entered by a criminal defendant, all non-jurisdictional defects in the proceedings preceding the plea are waived, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983); Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5 Cir.1981).

In his original petition, as well as the pleading filed on September 10, 2009, petitioner complained that counsel was ineffective by "... allowing the Grand Jury to [indict] him on aggravated rape..." when there was no proof of rape. [Doc. #1, p. 5, Issue 2; Doc. #7, Issue 2, p. 27] Since petitioner has not demonstrated that his guilty plea was involuntary, his surviving claim of ineffective assistance of counsel must be dismissed.

### Conclusion and Recommendation

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that the petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Alexandria, Louisiana, this _____ day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE